# STATE v. A. M. WARNER.[1]

November 6, 1925.

No. 24,822.

**Plea of not guilty waives objection to jurisdiction over accused.**

1. By entering a plea of not guilty, in a criminal prosecution, a party waives objection to the jurisdiction of the court over his person.

**Refusal of requested instruction proper.**

2. A request to instruct the jury that it is no offense to give liquor, in one's own house, to an invited guest, with no purpose to evade the law, *held* to have been properly refused as being inapplicable to the facts disclosed by the evidence.

**Plea of former jeopardy cannot be made at close of trial.**

3. A plea to a charge in an indictment or information of former jeopardy must be entered at the time of arraignment. That issue cannot be raised by objection made at the close of the trial.

1. See Criminal Law, 16 C. J. p. 412, § 747.
2. See Intoxicating Liquors, 33 C. J. p. 791, § 547.
3. See Criminal Law, 16 C. J. p. 418, § 761.

Upon information of the county attorney of Mower county, defendant was charged with the crime of unlawfully selling intoxicating liquor, tried in the district court for that county before Peterson, J., and a jury and found guilty as charged in the information. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*E. N. Hoffman* and *Paul T. Stevens*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Otto Baudler*, County Attorney, for respondent.

QUINN, J.

The appellant was accused, in a criminal complaint, of having, at a certain time and place, unlawfully sold and furnished, to one J. R.

[1]Reported in 205 N. W. 692.

Peterson, certain intoxicating liquor. A warrant was issued and a preliminary examination had, and the accused was bound over to appear at the next general term of the district court to be held within the county. When the district court convened, the county attorney made and filed an information, charging appellant with such offense. Appellant was duly arraigned upon such information, and pleaded not guilty to the charge therein set forth. When the case was reached for trial, appellant appeared with his counsel, a jury was impaneled, and the trial proceeded. Peterson was called by the prosecution and was sworn and testified as a witness. He testified that, at the time and place mentioned in the information, he paid the accused two dollars for a bottle and two or three drinks of intoxicating liquor. At that stage of the trial, counsel for defendant asked for leave to cross-examine the witness, which request was granted. It then developed that the witness' true name was J. W. Peterson and not J. R. Peterson, as stated in the information. Counsel then asked that the testimony be all stricken from the record, for the reason that the charge contained in the information was selling and furnishing to J. R. Peterson. The motion was granted, the court stating to the prosecuting attorney that a new information was necessary, and then discharged the jury. The county attorney then prepared and filed another information charging the sale and furnishing to have been made to J. W. Peterson. In all other respects, the information was identical with the former one. The accused was then arraigned upon the new information and pleaded not guilty. By consent of the attorneys, the same jury was sworn which had been impaneled in the former trial.

Peterson was then called by the prosecution, sworn and testified as a witness to having purchased and received intoxicating liquor from the defendant, as charged, and related the circumstances in connection therewith. At the close of the state's case, counsel for defendant moved for a verdict of acquittal upon the ground "that the court does not have jurisdiction of the action at this time." The motion was denied and thereafter the defendant gave testimony in his own behalf.

At the conclusion of the testimony, counsel renewed the motion for a directed verdict, upon the ground that the defendant had been placed twice in jeopardy. The motion was denied. There were no requests for instruction. At the close of the general charge to the jury, counsel requested the court to instruct the jury as follows:

"It is no offense to give liquor in one's own house to his family, domestic servants, or invited guests as a mere act of kindness and hospitality and with no purpose to evade the law."

The request to so instruct was denied. There was a verdict of guilty and sentence was imposed. The requested instruction was inapplicable to the facts as disclosed by the evidence. Peterson was a stranger to the accused. He was in no sense a guest at the house. The defendant testified: "Yes, he drove in; wanted to buy some booze and I told him I wasn't buying booze or handling booze. * * * I wasn't selling any booze, I told him. * * * Introduced himself first. Kept on begging around, * * * I told him I didn't sell none. * * * He asked if I couldn't give him a little drink. Well, I told him I could give him a little drink, I says. But I wouldn't sell any to him, so we went in the house. I gave him a little drink of the best I had and then set there and talked."

The only other error urged by the appellant is "that the defendant was placed in jeopardy prior to the verdict of the jury finding him guilty." When the defendant was arraigned upon the second information, he entered a plea of *not guilty*. No other or different plea was suggested at that time. The first objection, made on behalf of defendant, was that the court had no jurisdiction of the action. Where a valid indictment or information is filed, the court has jurisdiction to cause the accused to be brought before it to answer to such charge, and, when he is called to plead, if he has any objection to the manner in which he was brought before the court, he should make the objection then. By his plea of not guilty, he must be held to have waived the issue as to jurisdiction. State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799.

At the conclusion of the taking of testimony, the defendant moved for a directed verdict upon the ground that he had been twice placed

in jeopardy. Sections 10695-10696, G. S. 1923, specify what pleas may be made upon criminal proceedings:

(1) Guilty; (2) not guilty; (3) a former judgment of conviction or acquittal which may be pleaded either with or without the plea of not guilty. But such pleas must be entered upon arraignment. If the appellant wished to have availed himself of the proceeding had under the former information as a defense, he should have raised the issue by a plea of former jeopardy. In failing so to do, he must be held to have waived the issue. It is too late to raise that issue after the testimony is all in.

Affirmed.