**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Floyd BRUCE, Defendant-Appellant.**

**No. 15333.**

United States Court of Appeals Sixth Circuit.
April 8, 1964.

686

Floyd Bruce, in pro per.

William E. Scent, U. S. Atty., Ernest W. Rivers, Asst. U. S. Atty., Louisville, Ky., on brief for appellee.

Before O'SULLIVAN, Circuit Judge, MAGRUDER, Senior Circuit Judge, and LEVIN, District Judge.

PER CURIAM.

Petitioner-appellant, Floyd Bruce, appeals from the denial of his petition to correct or vacate part of sentences imposed on him in May of 1939. He proceeds under Rule 35 of the Federal Rules of Criminal Procedure. The sentences imposed followed the conviction of Bruce for his part in an enterprise which included robbing and theft of money contained in United States mail, the killing of the custodian of such mail, interstate transportation of such stolen money, and interstate flight to avoid prosecution for such criminal activities. His original sentence, imposed under the counts of two indictments which encompassed the aforesaid offenses, totaled 57 years. Under the two counts of indictment No. 2086, which covered the transportation of the stolen money and his interstate flight, he was given consecutive sentences of five years and ten years. For the crimes described in indictment No. 2120, he was given sentences of two years un-

der Count I (conspiracy), ten years under Count II (assault with intent to rob the mails), twenty-five years under Count III (wounding and killing the mail custodian in effecting or attempting to effect the robbery of the mails), and five years under Count IV (theft from the mails). All of these sentences were to be served consecutively and those under indictment No. 2120 were to begin at the completion of his serving the sentences imposed under indictment No. 2086.

In 1943 the District Judge, who had imposed such sentences, vacated the ten-year sentence under Count II of indictment No. 2120 (assault with intent to rob). The judge concluded that the crime of assault with intent to rob was merged into the crime charged in Count III (wounding and killing in effecting the robbery). United States v. Bruce, 52 F.Supp. 150, 157 (W.D.Ky.1943).

Bruce's present petition contends that the crime charged in Count III (wounding and killing the custodian of the mails) was merged into the "complete and consummated" crime charged in Count IV (robbing the mails) and, therefore, the 25-year sentence for Count III was illegal. He has been in jail 22 years. The 1943 vacation of the ten-year sentence of Count II reduced the total to 47 years. If by this proceeding he gets rid of the 25-year sentence under Count III of indictment No. 2120, there would remain but 22 years to serve. By the arithmetic of his present petition and his service of 22 years, he is entitled, he contends, to be now discharged from prison.

The single question, then, is whether the crime of wounding and killing the custodian of the mails, Title 18 U.S.C.A. § 320, now § 2114 (Count III), is the same crime as, and therefore merged into that of robbing the mails, Title 18 § 317, now § 1708 (Count IV). We find no merit in petitioner's claims. In Brussart v. United States, 186 F.2d 713, 714 (CA6, 1951), this Court held that where the same criminal conduct came within the terms of two statutes— 18 U.S.C. § 313, now § 1707 (stealing

property from the United States Post Office) and 18 U.S.C. § 320, now § 2114 (putting the life of a post office employee in jeopardy in attempting to effect such robbery)—and one statute merely described a more aggravated form of the same conduct, only one sentence should be imposed and that for the more serious form of the offense.

In the case before us, the District Judge determined that the 25-year sentence under Count III was valid. Such ruling was correct. He also, on his own motion, vacated the five-year sentence under Count IV, being of the view that the offense therein described—robbery of the mails—was but a part of the greater offense charged in Count III—killing the custodian of the mails, "in effecting and attempting to effect the robbery of a person having the * * * custody of United States mail matter." We are not here called upon to pass upon this ruling of the District Court that the conduct described in Counts III and IV was all part of one offense. We are not persuaded that Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, or Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, compels such a conclusion.

Regardless of whether the killing of a mail custodian and the consequent successful robbing of the mails together constitute one crime, the 25-year sentence was valid. Bruce was convicted of the offense for which he was so sentenced. The length of the sentence was commanded by the statute § 320, now § 2114. If the offense described in Count IV was merged into the greater crime set forth in Count III, the sentence under Count III is not invalid. Coy v. United States, 156 F.2d 293, 295 (CA 6, 1946). Brussart v. United States, supra. There is no legal legerdemain whereby to have the killing of a mail clerk become lesser than and swallowed up by a contemporary successful robbery. As to the Count III sentence, "[j]ustice and common sense alike would appear to require that it be upheld." Coy v. Johnston, 136 F.2d 818, 821 (CA 9, 1943).

Judgment affirmed.