**Edward Garrett HOSKINS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 486.

United States District Court
E. D. Kentucky,
Jackson.

Sept. 2, 1964.

Edward Garrett Hoskins, pro se.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., for respondent.

HIRAM CHURCH FORD, District. Judge.

On March 4, 1940, an indictment (No. 8559) was returned in the United States. District Court for the Eastern District of Kentucky by a Grand Jury sitting at Jackson, Kentucky, which charged in the first count that Edward Garrett Hoskins (Petitioner herein) and his co-defendants unlawfully, willfully and feloniously by force, violence and putting in fear, did take from the person and presence of Harvey Hensley and his wife, employees. of the Hyden Citizens Bank, Hyden, Kentucky, the deposits of which were insured under the provisions of 12 U.S.C.A. § 264, the sum of $1,914.25, which belonged to and was in the care, custody and control of the bank. The offense thus charged was a violation of 12 U.S.C.A. § 588b(a), now set out in § 2113(a) of Title 18 U.S.C.A. The penalty for such violation was fixed by the statute at a fine of not more than $5,000 or imprisonment for not more than twenty years, or both.

The second count of the indictment charged violation of § 588b(b) of Title 12 U.S.C.A., (now set out in 18 U.S.C.A., § 2113(d)), an offense greater and more serious than that described in the first count in that in committing the offense described in the first count the defendant Hoskins and his co-defendants unlawfully, willfully and feloniously assaulted and put in jeopardy the lives of Mr. and Mrs. Harvey Hensley by the use of dangerous weapons, to-wit: "guns and pistols loaded with powder and leaden balls and other hard and explosive substances." The penalty prescribed for the violation of subsection (b) of § 588b as fixed by the statute was a fine of not less than $1,000 nor more than $10,000 or imprisonment for not less than five years nor more than twenty-five years, or both.

The defendant Hoskins and each of his co-defendants entered pleas of guilty to both counts of the indictment. For the violation of the first count of the indictment, Hoskins and his co-defendants were each sentenced to imprisonment for twenty years; and for the violation of the second count, they were each sentenced to imprisonment for twenty-five years. However, the judgment provided that the sentences so imposed were to run concurrently.

On August 20, 1946, the petitioner herein, Edward Garrett Hoskins, and one of his co-defendants filed their joint motion for an order vacating the sentences imposed upon them on March 4, 1940, upon the ground that the sentences were predicated on an unconstitutional Act of Congress. The motion was denied by order entered November 13, 1946.

Thereafter, from time to time, the petitioner Hoskins filed additional motions seeking review and vacation of the sentences imposed upon him under the second count of the indictment based upon various grounds and, after considering numerous briefs filed by the parties, the Court set aside the concurrent sentence imposed under the first count of the indictment and denied the motion to set aside the sentence imposed under the second count of the indictment and entered the following judgment on June 22, 1956: " * * * it is adjudged by the Court that the sentence imposed upon the defendant upon the second count of the indictment herein is not illegal, but in all respects is valid, and it is ordered by the Court that the defendant's motion should be and is hereby denied." The sentence of twenty-five years under the second count has remained in full force and effect, and the petitioner is still in custody thereunder.

On June 19, 1964, the petitioner filed this action to vacate the sentence under the second count of the indictment, asserting in support of this claim that the sentence has subjected him to double punishment for a single offense in violation of the double jeopardy clause of the Constitution of the United States.

After reviewing the entire record and considering the briefs filed on behalf of the parties, including the record of the proceedings in criminal action No. 8559 on the Jackson docket of this Court, I am convinced that petitioner's claim is entirely without merit and untenable. United States v. Bruce, 329 F.2d 685, C.A. 6; Coy v. United States, 156 F.2d 293, C.A. 6; United States v. Tarricone, 242 F.2d 555, C.A. 2; Sawyer v. United States, 312 F.2d 24, C.A. 8; Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; and Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370.

Let an order be entered denying the petitioner's motion to vacate the sentence imposed upon him under the second count of the indictment, and dismissing this proceeding.