STATE EX REL. RUSSELL A. BOSWELL v.
RALPH H. TAHASH.

154 N. W. (2d) 813.

December 8, 1967—No. 40,504.

*Robert R. Remark,* for appellant.

*Douglas· M. Head,* Attorney General, and *Gerard W. Snell,* Acting Solicitor General, for respondent, warden of State Prison.

NELSON, JUSTICE.

Appeal from an order discharging a writ of habeas corpus.

A criminal complaint was filed in municipal court, village of Mahnomen, April 18, 1959, charging defendant-appellant, Russell A. Boswell, with the crime of assault of one Ole O. Honstad. On the same date defendant entered a plea of not guilty to the assault charge. He was tried the same day before the municipal judge, without a jury and

without counsel, and found guilty. He was thereafter sentenced to serve 60 days in the county jail on the assault charge.

An information was filed by the county attorney of Mahnomen County on June 6, 1959, charging defendant with committing the crime of robbery in the first degree, the victim being Honstad. Robbery at that time was defined by Minn. St. 1957, § 619.41. Section 619.42 provided:

"Every such unlawful taking, if accompanied by force or fear, in any case specified in section 619.41, shall be robbery in the first degree:

\* \* \* \* \*

"And shall be punished by imprisonment in the state prison for not less than five, nor more than 40, years."

Defendant entered a plea of not guilty to the information and demanded a jury trial. Trial commenced October 13, 1959, at which time a jury was selected and sworn in district court. After selection of the jury was completed, it was stipulated between counsel for the state and defendant's counsel that defendant had previously been convicted of third-degree assault and sentenced to 60 days in the county jail, and that the assault had been committed as part of one occurrence in accomplishing the robbery. Counsel then objected to prosecution of the first-degree robbery charge on the grounds of double jeopardy. The trial judge overruled the motion.

Later, during the course of the trial, defendant indicated a desire to plead guilty to a lesser offense—that of grand larceny in the first degree. As a result a new information charging defendant with that crime was filed on October 15, 1959, to which defendant, on the same day, entered a plea of guilty. Defendant admitted the commission of two prior felonies and was sentenced to the State Reformatory at St. Cloud for a period of 2 to 20 years.

The petition for habeas corpus was filed in the District Court of Washington County, Minnesota, on November 24, 1965. The writ was issued December 2, but after an evidentiary hearing was ordered discharged on July 18, 1966. This appeal followed.

One of the issues now before this court is whether defendant was

placed in double jeopardy by being convicted of first-degree larceny after having been convicted of third-degree assault.

■ Minn. Const. art. 1, § 7, provides:

"No person * * * for the same offense shall be put twice in jeopardy of punishment * * *."

Minn. St. 1957, § 610.21, now superseded but in force at the time of the convictions, provided:

"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished under only one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

The statutory law of double jeopardy was modified by the enactment of Minn. St. 609.035, 609.04, and 609.045 of the Criminal Code of 1963.

The theory of double jeopardy which prevailed in this state prior to the enactment of the Criminal Code of 1963 is expressed in State v. Fredlund, 200 Minn. 44, 48, 273 N. W. 353, 355, 113 A. L. R. 215, wherein this court stated:

"In determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts."

Under the rule in the Fredlund case a single act or transaction might frequently provide the basis for two or more separate prosecutions.

In Fredlund, on the question of identity of act, this court held (200 Minn. 48, 273 N. W. 355):

"* * * Before defendant may avail himself of the plea of former jeopardy it is of course necessary that he show that the present prosecu-

tion is for *the identical act* and that the crime *both in law and fact* was settled by the first prosecution."

As to the inclusion of lesser offenses in greater, it was held (200 Minn. 48, 273 N. W. 355):

"* * * '[W]hen the facts constitute but one offense, though it may be susceptible of division into parts, as in larceny for stealing several articles of property at the same time, a prosecution to final judgment for stealing some of the articles will bar a subsequent prosecution for stealing any of the other articles taken at the same time.' * * * The same rule applies where the acquittal or conviction of a greater offense necessarily bars a lesser one."

As to the matter of different offenses committed in one act, this court held in Fredlund (200 Minn. 49, 273 N. W. 356) that "a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed." [1]

Minn. St. 630.33, covering indictments for offenses of different degrees, was in force in 1959. That statute reads as follows:

"If the defendant shall have been convicted or acquitted upon an indictment for an offense consisting of different degrees, such conviction or acquittal shall be a bar to another indictment for the offense charged in the former, or for any inferior degree of that offense, or for an attempt to commit the same, or for an offense necessarily included therein of which he might have been convicted under that indictment."

It has been held that the commission of an assault on a victim of robbery is not an essential element of proof to establish robbery. The question then now before us is whether the facts necessary to prove assault are also necessary to prove larceny. Defendant was convicted of third-degree assault in violation of Minn. St. 1957, § 619.39, which provided:

"Every person who shall commit an assault * * * not amounting

---

[1] See 24 Minn. L. Rev. 554 for a review of Fredlund and other Minnesota decisions on this question.

to an assault in the first or second degree, shall be guilty of an assault in the third degree, and be punished by imprisonment in a county jail for not more than three months, or by a fine of not more than $100."

In State v. Nelson, 199 Minn. 86, 93, 271 N. W. 114, 118, this court said:

"* * * Every assault must have as one of its essential elements *violence.*" ·

Minn. St. 1957, § 622.05(1), defined larceny in the first degree as follows:

"Every person who shall steal, or unlawfully obtain or appropriate in any manner specified in this chapter:

"(1) Property of any value by taking the same from the person of another in the night-time;

* * * * *

"Shall be guilty of grand larceny in the first degree and punished by imprisonment in the state prison for not less than one year nor more than ten years."

The statute does not require violence as a necessary element of larceny. Defendant could have committed larceny by taking property from Honstad without the use of violence. Defendant could also have assaulted Honstad without having taken property from him. Thus, it would seem that the facts necessary to prove either assault or larceny would not necessarily prove the other and defendant has therefore not been placed twice in jeopardy by reason of the larceny charge as the law relative to double jeopardy had been developed in State v. Fredlund, *supra,* and the cases cited therein.

This court in City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. (2d) 206, construing Minn. St. 609.035 and 609.04, pointed out that State v. Fredlund, *supra;* State v. Winger, 204 Minn. 164, 282 N. W. 819, 119 A. L. R. 1202; and State v. Thompson, 241 Minn. 59, 62 N. W. (2d) 512, were all based on lack of violation of the double-jeopardy clause of our constitution, as amplified by statute. We suggested that while there were some aspects of § 609.035 that shade

414

imperceptibly into the constitutional proscription against double jeopardy, the statute deals essentially with a prohibition against double punishment for multiple offenses arising out of the same conduct. This court then said (269 Minn. 469, 131 N. W. [2d] 208):

"* * * By the express language of the statute itself [§ 609.035], all offenses arising out of a person's conduct may be included in one prosecution by stating them in separate counts. There is nothing that bars conviction of several offenses arising out of the same conduct, but the statute does prohibit the imposition of punishment for more than one offense in such a situation."

In State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517, we held that § 609.035 prohibits both double punishment and serialized prosecutions if a person's conduct constitutes more than one offense. We stated that a person's conduct constitutes more than one offense within the meaning of § 609.035 where a single behavioral incident results in violations of more than one criminal statute. See, also, State v. Gladden, 274 Minn. 533, 144 N. W. (2d) 779.

As was stated by this court in Johnson (273 Minn. 401, 141 N. W. [2d] 523):

"It should be pointed out that every one of our prior decisions was concerned only with the issue of multiple prosecutions. The issue of double punishment where a defendant is convicted of two or more offenses charged in one indictment has not been directly presented because such procedure was never previously authorized."

Since § 609.035 was not made retroactive, State v. Fredlund, *supra,* and the other prior decisions are controlling in the instant case. We think it clear that under the applicable law the facts here do not establish defendant's claim to double jeopardy.

The trial court also properly overruled the plea because it was not timely made. This court held in State v. Warner, 165 Minn. 79, 205 N. W. 692:

"A plea to a charge in an indictment or information of former jeopardy must be entered at the time of arraignment."

It is well established that a defendant by entering a plea of guilty or not guilty in a criminal prosecution waives objection to the jurisdiction of the court over his person. State ex rel. Adams v. Rigg, 252 Minn. 283, 286, 89 N. W. (2d) 898, 902, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State v. Warner, *supra;* State v. Demry, 260 Minn. 173, 109 N. W. (2d) 587; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99. A defendant's constitutional right to plead former jeopardy may be waived and if such a plea is not entered at the proper time, it is waived by defendant, and the jurisdiction of the trial court is not affected by the fact that such a plea might have been interposed. State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229.

In Hoskins v. United States (E. D. Ky.) 233 F. Supp. 184, defendant was charged with bank robbery in the first count and with assault upon the persons robbed in the second count. He pled guilty and on the first count was given 20 years and on the second count 25 years, to be served concurrently. Defendant later moved to vacate the sentence imposed on the second count, contending it subjected him to double punishment for a single offense and was in violation of the double jeopardy clause of the Fifth Amendment. The court held otherwise, citing numerous cases to sustain its position.

In Kistner v. United States (8 Cir.) 332 F. (2d) 978, 980, the court stated:

"* * * Constitutional immunity from double jeopardy is a personal defense which must be affirmatively pleaded at trial and is waived by a plea of guilty along with all non-jurisdictional defects, facts and defenses."

See, also, United States v. Hoyland (7 Cir.) 264 F. (2d) 346, certiorari denied, 361 U. S. 845, 80 S. Ct. 98, 4 L. ed. (2d) 83; Smith v. United States (8 Cir.) 359 F. (2d) 481.

A defendant in pleading guilty to a criminal charge admits all the essential elements of the offense contained in the information. State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517.

Minnesota has no statute which permits the sentencing court to vacate

416

and set aside a sentence. State v. Alm, *supra*. A Federal statute, 28 USCA, § 2255, gives the sentencing court this power. However, it is stated in Boisen v. United States (S. D. N. Y.) 181 F. Supp. 349, that generally, a claim of double jeopardy may not be raised by proceeding under this statute to vacate judgment of conviction and sentence.

■ The defense claims an erroneous ruling on the part of the trial court in connection with the admission of the state's exhibit 2, a letter addressed to Helmer Boswell, defendant's father, from defendant and his brother. The letter contained statements which tended to connect defendant with the crimes charged and came into the hands of the Becker County deputy sheriff at the time defendant was serving the sentence of 60 days in the Becker County jail imposed following his conviction of third-degree assault. When the deputy sheriff censored this letter, a photocopy was made before the original was mailed to the addressee. The photocopy was subsequently introduced into evidence at the trial. It appears that at the time the exhibit came into the hands of the deputy sheriff defendant had not yet been charged with the crime of robbery. It is now contended by defendant that while authorities may censor mail for security purposes this right should not be extended to allowing the paper to be used as evidence against an accused. He contends that the result is equivalent to compelling a defendant to be a witness against himself, citing State v. Drew, 110 Minn. 247, 124 N. W. 1091.

The state contends that the trial court's ruling in admitting the letter may not be collaterally attacked by habeas corpus, pointing out that the offer to introduce the letter was objected to by defendant on the grounds of relativity, materiality, and foundation, and not on constitutional grounds. This court in State ex rel. Masters v. Tahash, 266 Minn. 348, 351, 123 N. W. (2d) 600, 602, said:

"It is settled that a prisoner can secure his release under a writ of habeas corpus only if a jurisdictional defect appears on the face of the record. Nonjurisdictional defects, if properly presented, will be reviewed upon a writ of error or on appeal; but a collateral attack upon the judgment by any postconviction remedy, including a habeas corpus proceeding, has not been authorized."

Nor can admission of the letter be attacked on constitutional grounds since the seizure of the letter took place in 1959 and before Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, was decided. Thus, the exclusionary rule of that case is not applicable. Linkletter v. Walker, 381 U. S. 618, 85 S. Ct. 1731, 14 L. ed. (2d) 601.

The ruling of the district court discharging the writ of habeas corpus must be affirmed.

Affirmed.