Russell A. BOSWELL, 20953, Petitioner,

v.

Jack G. YOUNG, Warden, Minnesota State Penitentiary, Respondent.

No. 3–70–Civ–176.

United States District Court,
D. Minnesota,
Third Division.

Aug. 19, 1970.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Petitioner, an inmate of the Minnesota State Penitentiary at Stillwater, Minnesota, serving 2 to 20 years for grand larceny, submits a petition for writ of habeas corpus dated June 30, 1970. Petitioner contends that his right to be free from double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution was violated by his being convicted of first degree larceny after having been convicted of third degree assault, both offenses arising from the same course of conduct. Petitioner also contends that he was the subject of an unreasonable search and seizure in contravention of the Fourth and Fourteenth Amendments of the

United States Constitution because a letter containing incriminating evidence was seized by state law enforcement officers and introduced at trial against him.

Petitioner has exhausted his state remedies. The District Court of Washington County, Minnesota, issued a writ of habeas corpus on Petitioner's behalf on November 24, 1965, but after an evidentiary hearing the writ was ordered discharged on July 18, 1966. The order discharging the writ of habeas corpus was affirmed by the Minnesota Supreme Court on December 8, 1967. State ex rel. Boswell v. Tahash, 278 Minn. 408, 154 N.W.2d 813 (1967).

■ The Minnesota Attorney General, through Darrell C. Hill, a Special Assistant Attorney General, has filed a return on behalf of Respondent to an Order to Show Cause, a reasoned memorandum of law, and excerpts from the pertinent state court proceedings. The state court records indicate that Petitioner had a full and fair hearing in the Minnesota state courts regarding his habeas corpus application and that no new factual evidence is presented in this petition. See State ex rel. Boswell v. Tahash, *supra*. Accordingly, the state court's findings of fact are presumed to be correct and it is not necessary for the Federal District Court to conduct an evidentiary hearing. 28 U.S.C. §§ 2243 and 2254. See, *e. g.*, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Hoffler v. Peyton, 411 F.2d 608 (4th Cir. 1969); Howard v. Swenson, 404 F.2d 469 (8th Cir. 1968). The petition presents only issues of law.

An examination of pertinent case and statutory authority indicates that the following rules of law control the disposition of this matter:

■ 1) The Fifth Amendment right to be free from double jeopardy, as made applicable to the states through the Fourteenth Amendment, does not operate to prevent prosecutions for separate and distinct offenses committed during a single course of conduct when the essential elements of each offense require proof of different facts. See *e. g.*, Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 78 L.Ed. 306 (1932); Wangrow v. United States, 399 F.2d 106 (8th Cir. 1968), cert. denied, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968); United States v. Bruni, 359 F. 2d 807 (7th Cir. 1966), cert. denied, 385 U.S. 826, 87 S.Ct. 59, 17 L.Ed.2d 63 (1966). The offense of assault and the offense of grand larceny under Minnesota criminal law each necessitate proof of different facts. State ex rel. Boswell v. Tahash, *supra*.

■ 2) Similarly, the theory of double jeopardy which prevailed in Minnesota at the time of Petitioner's trials did not operate to prevent prosecutions for two distinct crimes arising out of the same transaction if establishment of each offense involved proof of different essential elements. See, *e. g.*, State ex rel. Boswell v. Tahash, *supra*; State v. Thompson, 241 Minn. 59, 62 N.W.2d 512 (1954); State v. Fredlund, 200 Minn. 44, 273 N.W. 353 (1937).

■ 3) The rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that exclusion of evidence seized in violation of search and seizure provisions of the Fourth Amendment is required of states by the due process clause of the Fourteenth Amendment does not operate retrospectively upon cases finally decided prior to the *Mapp* decision. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Petitioner's state court convictions had become final prior to t he *Mapp* decision. 41 Minn.Stat.Ann. § 632.01. Moreover, the record discloses that Petitioner's contention is without merit because the letter did not play any role in the offense for which he stands convicted. Petitioner was convicted of grand larceny pursuant to a plea of guilty. The letter of which Petitioner complains was admitted during his trial for robbery. The robbery charge was subsequently dropped after Petitioner

pled guilty to the lesser included offense.

On the files and records herein, and the files and records of the state court proceedings, the Court finds that Petitioner has not been deprived of any of his rights under the United States Constitution.

The petition is

Denied.