STATE of North Dakota, Plaintiff
and Appellee,

v.

Herb O'ROURKE, a/k/a Herbert
Alvin O'Rourke, Defendant
and Appellant.

Criminal No. 950152.

Supreme Court of North Dakota.

Feb. 28, 1996.

Merle Ann Torkelson (argued), State's Attorney, Washburn, for plaintiff and appellee.

Wayne D. Goter (argued), of Wheeler Wolf, Bismarck, for defendant and appellant.

NEUMANN, Justice.

Herb O'Rourke appeals from a criminal judgment entered upon jury verdicts finding him guilty of two counts of delivery of a controlled substance in violation of N.D.C.C. § 19–03.1–23(1)(b). We affirm.

On February 20 and 27, 1992, O'Rourke sold marijuana to a police informer in a bar owned by O'Rourke. On each occasion law enforcement officials observed O'Rourke get the marijuana from his 1989 Cadillac. On March 3, 1993, the State seized the 1989 Cadillac under the forfeiture provisions of the Uniform Controlled Substances Act, N.D.C.C. Ch. 19–03.1. On August 24, 1993, the State commenced a civil forfeiture proceeding against the Cadillac. On motion by O'Rourke, the trial court dismissed the forfeiture action because it had not been "instituted promptly" as required by N.D.C.C. § 19–03.1–36(3). We affirmed the dismissal in *State v. One Black 1989 Cadillac VIN 1G6DW51Y8KR722027*, 522 N.W.2d 457 (N.D.1994).

Meanwhile, on October 19, 1993, the State charged O'Rourke with two counts of delivery of a controlled substance. On February 1, 1995, a jury found O'Rourke guilty of both offenses. After the jury returned the guilty verdicts and before the trial court sentenced O'Rourke, he filed an "OBJECTION TO SENTENCING (DOUBLE JEOPARDY)." He asserted the civil forfeiture proceeding was punitive in nature, and the subsequent criminal prosecution subjected him to multiple punishments for the same offense in violation of the double jeopardy clauses of the state and federal constitutions. Although the trial court said the double jeopardy "issue is noted and preserved for appeal," the court implicitly rejected O'Rourke's claim and entered sentence against him. O'Rourke appealed.

During oral argument to this court, a question was raised about whether O'Rourke had asserted his double jeopardy claim in a timely manner.

▮▮▮ It is well established that double jeopardy is a defense which may be waived. *See, e.g., Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). Under N.D.R.Crim.P. 12, any defense or claim which is capable of determination without a trial of the general issue *may* be raised before trial, and certain enumerated claims *must* be raised before trial or they are waived. *See State v. Neset*, 462 N.W.2d 175 (N.D.1990); *State v. Valgren*, 411 N.W.2d 390 (N.D.1987). Rule 12, N.D.R.Crim.P., thus outlines a dichotomy between claims which must be raised before trial, and those which may, but need not necessarily, be raised before trial.

▮▮▮ Rule 12, N.D.R.Crim.P., is patterned after F.R.Crim.P. 12, and although we are not compelled to interpret our procedural rules in the identical manner as federal courts interpret the corresponding federal rule, decisions of the federal courts are persuasive in construing our rule. *Neset; Valgren.* The Advisory Committee's Note to F.R.Crim.P. 12 explains double jeopardy is a type of claim which "may" be raised before trial, and a defendant's failure to raise a double jeopardy claim before trial does not result in a waiver. In *United States v. Jarvis*, 7 F.3d 404, 409 (4th Cir.1993), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 1200, 127 L.Ed.2d 549 (1994), the court explained when a double jeopardy claim must be raised to avoid waiver:

"We believe that the rule adopted by the majority of our sister circuits—one that a leading commentator has dubbed a 'sensible resolution' of the matter—is a wise one: such defenses and objections as former jeopardy, former acquittal, former conviction, the statute of limitations, and immunity must be raised at some time in the proceedings before the district court on pain of forfeiture. *See McClain v. Brown*, 587 F.2d 389, 391 (8th Cir.1978) (stating that defense of former jeopardy must be raised at trial); *United States v. Scott*, 464 F.2d 832, 833 (D.C.Cir.1972) (same); *Grogan v. United States*, 394 F.2d 287, 289 (5th Cir.1967), *cert. denied,* 393

U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968) (same); *Barker v. Ohio*, 328 F.2d 582, 584 (6th Cir.1964) (same); 1 Charles A. Wright, *Federal Practice & Procedure: Criminal* § 193, at 705–06 (1982 & Supp. 1992) ('sensible resolution')."

Here, O'Rourke raised his double jeopardy claim after trial and before the court sentenced him. Although a narrow reading of the cases cited in *Jarvis* might suggest a double jeopardy claim must be raised during trial, O'Rourke did raise his claim "at some time in the proceedings before the district court" within the meaning of *Jarvis*. Because we reject O'Rourke's double jeopardy claim on other grounds, we need not specifically decide if he waived his claim by asserting it after trial and before sentencing.

O'Rourke asserts this criminal proceeding after the civil forfeiture proceeding violated N.D.C.C. § 29–01–07 and the double jeopardy clauses of the Fifth Amendment of the United States Constitution and Art. I, § 12, of the North Dakota Constitution.[1] He contends the forfeiture proceeding was punitive in nature and argues the subsequent criminal prosecution was a separate proceeding which arose from the same underlying conduct as the forfeiture proceeding.[2]

■ It is well established double jeopardy protects against successive prosecutions and punishments for the same criminal offense. *See, e.g., United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Recent United States Supreme Court decisions indicate parallel civil forfeiture proceedings and criminal prosecutions may violate the double jeopardy prohibition against successive punishments for the same offense. *See Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

■ However, the protections of the double jeopardy clause do not come into play until a defendant has first been put into jeopardy. *Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975) (defendants must suffer jeopardy before they can suffer double jeopardy). *See United States v. Dean J. Smith*, 75 F.3d 382 (8th Cir.1996) (appellate court assumed, without deciding, that jeopardy attached in civil forfeiture proceeding before it attached in criminal prosecution, because otherwise defendant's double jeopardy claim in criminal prosecution was not colorable). Before O'Rourke can invoke the double jeopardy clause to bar this criminal prosecution, he must demonstrate that he was subjected to jeopardy in the forfeiture proceeding.

Federal courts have held that jeopardy does not attach to a civil forfeiture proceeding until the trier of fact begins to hear evidence at a judicial forfeiture proceeding, or there is an order for final administrative action against the property. *See United States v. Gonzalez*, 76 F.3d 1339 (5th Cir. 1996) (no double jeopardy in criminal prosecution where, prior to criminal conviction, no final administrative action nor other adjudication of civil liability had occurred in civil forfeiture proceeding); *United States v. Idowu*, 74 F.3d 387 (2d Cir.1996) (no double

---

1. Although O'Rourke cites N.D.C.C. § 29–01–07 and the double jeopardy clause of our state constitution, he relies primarily on cases decided under the double jeopardy clause of the federal constitution. He makes no separate argument under the state provisions.

2. In *United States v. Dean J. Smith*, 75 F.3d 382 (8th Cir.1996), the Eighth Circuit Court of Appeals decided a defendant's double jeopardy rights were not violated, because, under the circumstances of the case, a civil forfeiture proceeding and a criminal prosecution constituted a single procedural entity for double jeopardy purposes. *Compare United States v. Millan*, 2 F.3d 17 (2nd Cir.1993), *cert. denied*, —— U.S. ——, 114

S.Ct. 922, 127 L.Ed.2d 215 (1994) *with United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *cert. granted*, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). *See also United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994) and *United States v. Ursery*, 59 F.3d 568 (6th Cir.1995), *cert. granted*, —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

On January 12, 1996, the United States Supreme Court granted certiorari in *$405,089.23 U.S. Currency* and *Ursery*. Those cases raise several double jeopardy issues in the context of related criminal prosecutions and civil forfeiture proceedings. *See* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

jeopardy in criminal prosecution because administrative declaration of forfeiture not issued until after conviction); *United States v. Sykes,* 73 F.3d 772 (8th Cir.1996) (government's stay of forfeiture proceeding prevented attachment of jeopardy in forfeiture proceeding); *United States v. Vega,* 72 F.3d 507 (7th Cir.1995) (double jeopardy challenge to criminal conviction fails where forfeiture claim not resolved until after conviction); *United States v. Clementi,* 70 F.3d 997 (8th Cir.1995) (in civil forfeiture proceeding, jeopardy does not attach upon the mere filing of an administrative claim); *United States v. Ursery,* 59 F.3d 568 (6th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996) (jeopardy attaches in forfeiture proceeding when court enters judgment of forfeiture); *United States v. Faber,* 57 F.3d 873 (9th Cir.1995) (no double jeopardy in criminal prosecution where defendant entered guilty plea before entry of settlement agreement in civil forfeiture proceeding); *United States v. Torres,* 28 F.3d 1463 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994) (jeopardy does not attach to judicial forfeiture proceeding until evidence is presented to the trier of fact).

■ Here, the civil forfeiture proceeding against the Cadillac was dismissed because it had not been "instituted promptly," and there was no final administrative or judicial action against the property. We conclude that, even if a civil forfeiture proceeding is characterized as punitive rather than remedial, jeopardy did not attach to this civil forfeiture proceeding because it was dismissed before final action was taken against the property. We hold that jeopardy did not attach to the civil forfeiture proceeding. Because O'Rourke was not put in jeopardy by the forfeiture proceeding, he has no valid double jeopardy claim in this criminal proceeding.

We therefore affirm the criminal judgment.

VANDE WALLE, C.J., and SANDSTROM, J., concur.

LEVINE, Justice, concurring in the result.

I am not so sure that the authorities cited by the majority fit the facts of this case or support the conclusion that "O'Rourke was not put in jeopardy by the forfeiture proceeding." It is not necessary, however, to reach the issue of whether jeopardy attached during the forfeiture proceeding. It is well established that a defendant must raise the double jeopardy issue before or during trial. *See State v. Barnes,* 29 N.D. 164, 150 N.W. 557 (1915); Rule 31(e)(2), NDRCrimP; *see also United States v. Jarvis,* 7 F.3d 404 (4th Cir.1993) [collecting cases]; *United States v. Conley,* 503 F.2d 520 (8th Cir.1974); *People v. Johnson,* 62 Mich.App. 240, 233 N.W.2d 246 (1975); *State v. Tahash,* 278 Minn. 408, 154 N.W.2d 813 (1967); *State v. Carter,* 205 Neb. 407, 288 N.W.2d 35 (1980). I would affirm because O'Rourke failed to raise the double jeopardy issue in a timely manner.

MESCHKE, J., concurs.