## STATE v. CHARLES WHITE.

219 N. W. 2d 89.

May 10, 1974—No. 44236.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Heard before Sheran, C. J., and Peterson, Kelly, Yetka, and McRae, JJ., and considered and decided by the court.

YETKA, JUSTICE.

Defendant was sentenced by the Hennepin County District Court on September 21, 1972, to a term not to exceed 10 years in the State Prison for aggravated forgery-uttering. The sentence was imposed pursuant to a plea of guilty by the defendant. Defendant has brought this appeal claiming that the conviction and sentence in district court were invalid because he was first convicted, on a plea of guilty, of violation of an ordinance of the city of Richfield making it a misdemeanor to display unlawful identification. Defendant bases his claim on Minn. St. 609.035. We affirm the conviction.

On May 25, 1972, defendant entered a supermarket in Richfield and attempted to cash a forged check made payable to the order of one Chester Brown in the amount of $210. Defendant endorsed the check in that name and also displayed a driver's license in the name of Chester Brown. The store manager refused to cash said check and as defendant was leaving the store he was arrested by the Richfield police and cited for displaying unlawful identification. On the following day a complaint was filed which charged defendant with aggravated forgery-uttering (Minn. St. 609.625, subds. 1[1] and 3).

On June 27, 1972, defendant appeared in Hennepin County Municipal Court and pleaded guilty to a charge of violating Richfield Ordinance 9-171.22 (displaying unlawful identification).

Sentencing was continued pending disposal of the charge of aggravated forgery-uttering.

On June 28, 1972, preliminary hearing was held on the felony charge and the defendant was bound over to district court. An information was filed and defendant, represented by counsel, was arraigned on the following day and pleaded not guilty to aggravated forgery-uttering. However, at a hearing held on August 21, 1972, defendant entered a plea of guilty to the charge. Defendant was represented by counsel at this proceeding also and was apprised of the effects of his plea.

On September 21, 1972, the district court sentenced defendant to a term not to exceed 10 years' imprisonment. On September 22, 1972, defendant was given a 10-day suspended sentence on the misdemeanor charge (violation of Richfield Ordinance 9-171.22).

The issues raised by this appeal are: Whether the misdemeanor prosecution in municipal court for displaying illegal identification and the felony prosecution in district court for aggravated forgery-uttering constitute a serialized prosecution in violation of Minn. St. 609.035, and whether the defendant's plea of guilty to the felony charge of aggravated forgery-uttering constitutes a waiver of his right to raise any defense available under § 609.035 for the first time on appeal.

Minn. St. 609.035 provides as follows:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

Defendant first contends that prosecution of the misdemeanor charge in municipal court and prosecution of the felony charge in district court constitutes a serialized prosecution in violation of the above statute. This argument presents two questions:

(1) Does the misdemeanor charge of displaying unlawful identification constitute an offense under § 609.035?

(2) If so, do the facts of this case constitute a serialized prosecution for offenses arising out of the conduct of defendant in violation of § 609.035?

Regarding this first question, it is undisputed that prior Minnesota case law has refused to treat municipal ordinance violations as crimes or offenses for double jeopardy purposes. This rule has one major exception—municipal ordinances relating exclusively to conduct violating Minn. St. c. 169, the Highway Traffic Regulation Act. State v. Clark, 291 Minn. 79, 189 N. W. 2d 167 (1971); City of Bloomington v. Kossow, 269 Minn. 467, 131 N. W. 2d 206 (1964).

In Kossow, this court rationalized its holding on grounds that joinder of prosecutions of ordinance violations and prosecutions of violations of state law would be difficult if not impossible. Clark refused to alter the Kossow rule.

However, the above two cases were decided prior to City of St. Paul v. Whidby, 295 Minn. 129, 144, 203 N. W. 2d 823, 832 (1972), where this court established that—

"* * * in all proceedings for violation of a municipal ordinance which may result in the penalty of incarceration * * * the defendant is presumed innocent until the contrary is proved and, in case of reasonable doubt, is entitled to acquittal.

"As a corollary to our decision on this issue, we announce that in the trial of all such cases * * * the rules of criminal procedure shall apply rather than the rules of civil procedure."

Whidby can be logically applied and extended to include ordinance violations under Minn. St. 609.035. This court further stated in Whidby:

"The conclusion is inescapable that under the State and Federal Constitutions we can no longer draw a rational distinction between arrests made for misdemeanors and those made for

felonies. The impact on the individual is merely a matter of degree." 295 Minn. 140, 203 N. W. 2d 829.

In the case at bar it is undisputed that violation of the municipal ordinance prohibiting unlawful display of a driver's license carried a potential penalty of incarceration. Therefore the statement made in Whidby is applicable here.

Assuming that violations of municipal ordinance which carry a potential penalty of incarceration are offenses included under § 609.035, does defendant's prosecution in district court constitute a serialized prosecution proscribed by § 609.035?

Respondent's argument brings to light a defect in the statute which has resulted in much confusion. Respondent cites the basic policy of the act as "to protect against exaggerating the criminality of a person's conduct by making both punishment and prosecution commensurate with culpability." State v. Reiland, 274 Minn. 121, 125, 142 N. W. 2d 635, 638 (1966). The problem is this: Section 609.035 actually includes two distinct protections, (1) the rule against multiple prosecutions, intended to protect defendants from harassment, and (2) the protection from multiple punishments, designed to insure that punishment will be commensurate with culpability. 56 Minn. L. Rev. 646, 652. Respondent's argument applies only to this second protection.

Defendant makes a strong case that he was subject to double prosecution. Respondent admits that the two prosecutions arose from a single behavioral incident. The facts show that defendant attempted to cash a forged check. In order to accomplish this single objective he presented an unlawful driver's license at the same time and place as the presentation of the forged check. In State v. Johnson, 273 Minn. 394, 404, 141 N. W. 2d 517, 525 (1966), this court stated:

"* * * The cases from other jurisdictions and comments of the advisory committee suggest that, apart from the factors of time and place, the essential ingredient of any test is *whether*

*the segment of conduct involved was motivated by an effort to obtain a single criminal objective.*"

The policy underlying the prohibition against multiple punishments is also found in Johnson:

"\* \* \* [I]t does appear that the drafters, as well as the legislature, intended not only to protect against double punishment but also to broaden the protection afforded by our constitutional provisions against double jeopardy. The latter provision prohibits trying a defendant more than once for the same offense. Its underlying policy is to protect an accused from being unduly harassed by repeated prosecutions for the same conduct until a desired result is accomplished." 273 Minn. 399, 141 N. W. 2d 522.

Respondent, in support of its position that the basic controlling policy is to insure punishment commensurate with culpability, refers the court to the following language from State v. Reiland, 274 Minn. 121, 125, 142 N. W. 2d 635, 638 (1966):

"Mindful of the difficulties of determining the scope of application of the statute [§ 609.035], we should point out that it is of overall importance to bear in mind the underlying policy intended to be expressed by the statute. In brief, it is to protect against exaggerating the criminality of a person's conduct by making both punishment and prosecution commensurate with culpability."

However, this court went on to state:

"\* \* \* We hasten to add, however, that under its present wording cases are likely to arise where the prohibition imposed must be adhered to even though the consequence is inconsistent with the statute's intended objectives." Ibid.

It is not clear from the record why the state did not join the prosecution of the municipal ordinance with the felony prosecution in district court. If it had done so, the problems raised by this appeal could have been eliminated. Nevertheless, respondent

argues that by failing to raise Minn. St. 609.035 in the lower court defendant has waived the right to assert the statute as a defense.

In State ex rel. Boswell v. Tahash, 278 Minn. 408, 415, 154 N. W. 2d 813, 817 (1967) this court stated:

"It is well established that a defendant by entering a plea of guilty or not guilty in a criminal prosecution *waives* objection to the jurisdiction of the court over his person. [Citations omitted.] A defendant's constitutional right to plead former jeopardy may be waived and if such a plea is not entered at the proper time, it is waived by defendant, and the jurisdiction of the trial court is not affected by the fact that such a plea might have been interposed. [Citation omitted.]" (Italics supplied.)

The Boswell opinion went on to quote with approval the following language from Kistner v. United States, 332 F. 2d 978, 980 (8 Cir. 1964):

"* * * Constitutional immunity from double jeopardy is a personal defense which must be affirmatively pleaded at trial and is waived by a plea of guilty along with all non-jurisdictional defects, facts and defenses." 278 Minn. 415, 154 N. W. 2d 818.

In State v. Johnson, 273 Minn. 394, 405, 141 N. W. 2d 517, 525 (1966), this court stated:

"* * * [T]he statute [§ 609.035] prohibits two separate prosecutions. However, the protection thus afforded is clearly waivable."

It is uncontested that defendant did not object to his prosecution in district court on the felony charge. He appeared in district court twice between his arrest and his sentencing. In the presence of counsel he pleaded guilty. He seeks to attack the judgment of the trial court by raising § 609.035 for the first time on appeal. In so far as double punishment is concerned, the municipal court ordered a suspended 10-day sentence. Defendant can hardly claim multiple punishment. Nevertheless, we hold that

the prohibition against double punishment cannot be waived, and thus the 10-day sentence imposed for the misdemeanor must be vacated and set aside.

Under the express language of State ex rel. Boswell v. Tahash, *supra,* defendant's appeal must fail.

Judgment of district court affirmed; sentence of municipal court vacated.