## DENNIS E. STRIBLING v. FREDERICKS, CLARK & CO., INC., AND OTHERS.

219 N. W. 2d 93.

June 7, 1974—No. 44502.

 

*Hagglund, Arthur, Chapman & McDonough* and *Lindsay G. Arthur, Jr.,* for appellant.

*Katz, Taube, Lange & Frommelt* and *Steven Z. Lange,* for respondent stockbroker.

PER CURIAM.

This is an appeal from a judgment entered for defendant brokerage firm, Fredericks, Clark & Co., Inc., in an action to recover damages allegedly sustained by plaintiff, Dennis Stribling, as a result of a claimed unauthorized sale of stock and forging of plaintiff's signature as payee on a check issued in payment of that sale.

The facts are not seriously disputed. An account was opened with the brokerage firm in the name of Stribling. The account was opened by one Lyle Morris, an attorney for the brokerage firm and plaintiff's uncle. Morris—with his own funds—opened the account by the purchase of 1,000 shares of Northstar Acceptance Company at $2 per share. The record is not clear as to why the stock was purchased fictitiously in the name of plaintiff. Morris died subsequent to the sale of the stock and prior to the commencement of this suit. The evidence is clear that from time to time Morris handled financial matters for plaintiff.

The shares of stock were sold. There is nothing in the record to disclose who authorized the sale, but it is clear that plaintiff did not. A check from the brokerage firm for the proceeds of the sale was made payable in the name of plaintiff, in the amount of $2,000. The check for

payment was not mailed to plaintiff as were other account statements and records but was hand-delivered to someone over the counter. The check bears the endorsement of both plaintiff and *Lyle Morris*. There is no dispute in the evidence that plaintiff's name was written on the check without the knowledge or authorization of plaintiff.

This suit to recover damages named as defendants, in addition to the brokerage firm, the bank which initially cashed the check and the drawee bank which ultimately honored and paid the check. The appeal, insofar as it was taken from the judgment in favor of the banks, has been dismissed by plaintiff.

On this appeal plaintiff contends that defendant brokerage firm was estopped to deny liability, having permitted the opening of this account and purchase of the stock in plaintiff's name. An essential element of estoppel is that the party asserting the estoppel acted, or failed to act, in reliance upon the representation claimed to give rise to the estoppel, whereby he has changed his position for the worse. 6B Dunnell, Dig. (3 ed.) § 3187.

Plaintiff has failed to prove that he was in any way harmed by the transaction for there was no proof establishing ownership of the stock by him. The trial court found there was a failure to establish a gift of the stock to plaintiff. The evidence sustains this finding. To constitute a valid gift inter vivos, certain elements must be established: Delivery, a clear intent to make an immediate, present gift beyond recall, and an unconditional surrender of future dominion and control by the donor over the property so delivered. Rutchick v. Salute, 288 Minn. 258, 179 N. W. 2d 607 (1970).

While plaintiff's name was used in opening the account, and he did receive certain mailings from defendant relative to the stock, no delivery of the stock certificates was made. Plaintiff made no effort to obtain the stock certificates. Since no gift of the stock was proved, plaintiff has no interest in the proceeds of the account opened in his name and, therefore, has no cause of action.

Since plaintiff failed to prove ownership in the stock, no other issues require discussion.

Affirmed.