# CHARLES WHITE v. STATE.

248 N. W. 2d 281.

July 30, 1976—No. 45944.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, Phebe Haugen,* and *David W. Larson,* Assistant County Attorneys, for respondent.

Heard before Kelly, Todd, and Marsden, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from a denial of his petition for postconviction relief. We affirm.

The facts of this case are stated in State v. White, 300 Minn. 99, 219 N. W. 2d 89 (1974), the opinion disposing of defendant's direct appeal. Defendant entered a supermarket and attempted to cash a forged check using false and unlawful identification. Defendant was charged separately with displaying unlawful identification, a city ordinance violation, and aggravated forgery-uttering, a violation of Minn. St. 609.625, subds. 1(1) and 3. After pleading guilty to the ordinance violation in municipal court, defendant initially pleaded not guilty to the forgery charge in district court but later changed his plea to guilty. On September 21, 1972, the district court sentenced defendant to a term not to exceed 10 years' imprisonment. On September 22, 1972, the municipal court gave defendant a 10-day suspended sentence on the ordinance charge.

On appeal, this court held that although defendant made a strong case for establishing that he was subjected to double prosecution contrary to Minn. St. 609.035, he could not raise that defense for the first time on appeal because he had pleaded to the charge. We stated:

"It is uncontested that defendant did not object to his prosecution in district court on the felony charge. *He appeared in district court twice between his arrest and his sentencing. In the presence of counsel he pleaded guilty.* He seeks to attack the judgment of the trial court by raising § 609.035 for the first time on appeal. In so far as double punishment is concerned, the municipal court ordered a suspended 10-day sentence. Defendant can hardly claim multiple punishment. Nevertheless, we hold that the prohibition against double punishment cannot be waived, and thus the 10-day sentence imposed for the misdemeanor must be vacated and set aside.

"Under the express language of State ex rel. Boswell v. Tahash [278 Minn. 408, 154 N. W. 2d 813 (1967)], defendant's appeal must fail." 300 Minn. 105, 219 N. W. 2d 93. (Italics supplied.)

In postconviction proceedings, defendant argues in essence that (1) this court was wrong on direct appeal in deciding the issue of the application of § 609.035; (2) he was denied competent counsel; and (3) the decision on direct appeal denies him due process.

The first of these arguments has to do with an issue raised, fully discussed, and decided on direct appeal. The only intervening factor is two decisions of the United States Supreme Court which together hold that a guilty plea does not waive a defendant's right to *Federal constitutional* double jeopardy protection. Blackledge v. Perry, 417 U. S. 21, 94 S. Ct. 2098, 40 L. ed. 2d 628 (1974); Menna v. New York, 423 U. S. 61, 96 S. Ct. 241, 46 L. ed. 2d 195 (1975). Since no one argues that Federal constitutional double jeopardy is involved in this case, and since our decision on direct appeal involved only waiver of rights under § 609.035,

the United States Supreme Court decisions cited are not binding on this issue. We therefore adhere, at this time, to our decision on direct appeal on the issue of waiver.[1]

Defendant's second argument is addressed to the competence of his retained counsel. In postconviction relief proceedings, defendant testified that he had asked his retained counsel about the effect of his plea of guilty on the municipal ordinance charge before pleading guilty in district court on the aggravated forgery charge. He further testified that counsel advised him to plead guilty and apparently did not explain the availability of a double jeopardy defense under Minn. St. 609.035 or the fact that a guilty plea would constitute a waiver of that defense. Defendant had entered a plea of not guilty to the aggravated forgery charge on June 29, 1972, but, on retained counsel's advice, changed his plea to guilty on August 21, 1972. Defendant had apparently been represented by appointed counsel when he entered the not guilty plea.

The difficulty with defendant's argument is that he had already waived his right to plead prior jeopardy when he entered his original *not guilty plea*. State v. White, 300 Minn. 99, 105, 219 N. W. 2d 89, 93 (1974) ; State ex rel. Boswell v. Tahash, 278 Minn. 408, 415, 154 N. W. 2d 813, 817 (1967), and cases cited. Therefore, it is only competence of appointed counsel, who presumably counseled the plea that resulted in waiver, that is properly in issue. There is nothing on the record to indicate what he told appointed counsel before this original plea, what inquiries that counsel made concerning other charges, or what counsel knew or did not know about a possible defense under

---

[1] Furthermore, by raising this issue again in postconviction proceedings, the defendant is attempting to relitigate the same *statutory* issue which was decided on direct appeal. As a matter of procedure and policy, this is an abuse of the postconviction remedy and will not be countenanced by this court. See, Minn. St. 590.01; Tyson v. State, 298 Minn. 559, 214 N. W. 2d 461 (1974); A. B. A. Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies § 6.1 (Approved Draft, 1968).

§ 609.035. Under these circumstances, defendant has not met his burden of proving facts showing incompetence of counsel by a fair preponderance of the evidence. Minn. St. 590.04, subd. 3; State v. Land, 295 Minn. 538, 203 N. W. 2d 541 (1973). We therefore will not consider defendant's argument on any assumed state of facts as to appointed counsel's knowledge or competence.

In reference to the defendant's third argument, we find it to be wholly without merit. Defendant somehow attempts to argue that this court's holding on direct appeal denied him due process because it placed on him the burden of raising the defense only regarding statutory protection against double prosecution, but not against double punishment. This court's treatment of the waiver issue on direct appeal was based on a reading of our former cases and relative importance of the policies underlying Minn. St. 609.035. Nothing in that treatment implicates due process.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.

On November 26, 1976, the following was filed:

Considered and decided by the court en banc.

PER CURIAM.

On petition for rehearing, we have determined that in the interests of justice some form of procedural relief should be granted defendant. Defendant pled guilty to displaying unlawful identification in violation of a municipal ordinance. He was then prosecuted for aggravated forgery-uttering arising out of the same incident and, represented by appointed counsel, pled not guilty at his arraignment. By so pleading, defendant waived his right to interpose the defense of double jeopardy under Minn. St. 609.035. Defendant later changed his plea to guilty on the advice of retained counsel, whose competence he challenged on this appeal. Defendant's allegations, however, question the competence of his appointed counsel, under whose representation de-

fendant perhaps unknowingly waived a valid defense. These circumstances raise a serious question as to the adequacy of defendant's representation at the time he entered his not guilty plea. The present state of the record precludes us from examining this question since defendant's reasons for pleading not guilty, the advice given him by appointed counsel, and the reasons assigned for that advice have not been explored. Defendant should be given the opportunity on remand to move that the court set aside his conviction on the ground that he was denied effective assistance of counsel at the time of the not guilty plea.

Because "the right to counsel has historically been an evolving concept,"[1] and because the right necessarily includes the effective assistance of counsel, we feel that it is necessary on remand of this case to better articulate the pertinent standard of competence. The Court of Appeals for the Eighth Circuit has established that "trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." United States v. Easter, 539 F. 2d 663, 666 (8 Cir. 1976).

We have indicated that conduct of counsel does not necessarily amount to ineffective assistance of counsel unless taken as a whole the trial was a mockery of justice. See, State v. Waldron, 273 Minn. 57, 70, 139 N. W. 2d 785, 794 (1966) ; Adler v. State, 284 Minn. 31, 37, 169 N. W. 2d 233, 237 (1969). However, a study of our past decisions, particularly the more recent ones, reveals that the standard articulated by the Eighth Circuit Court of Appeals is for all practical purposes the standard that has been used by this court in passing on the adequacy of representation for criminal defendants. Although we used this language in Waldron, the court nonetheless recognized that the constitutional guarantee of counsel is not satisfied by "mere formal appointment" but instead requires "effective aid and assistance." 273 Minn. 65, 139

---

[1] United States v. Easter, 539 F. 2d 663, 666 (8 Cir. 1976) (Henley, J., concurring).

N. W. 2d 791. Similarly, in Adler, we said: "The determinative issue, however, is not the amount of time spent in the instant case by counsel, but rather whether defendant was adequately represented by counsel." 284 Minn. 37, 169 N. W. 2d 237. We therefore suggest to the court below on remand that the standard adopted by the Eighth Circuit Court of Appeals be applied if defendant moves for relief because of ineffective assistance of counsel.

The usual formulation of the right to counsel, requiring the *effective* assistance of counsel, may connote to some that a certain result is mandated. We do not mean to suggest by use of the word "effective" that competent counsel is expected to *secure* a favorable result. Rather, effective assistance of counsel is representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.

Nor do we mean to suggest that a finding of ineffective representation would entail the success of a malpractice action against the defense attorney. The fallibility of humankind is such that all lawyers will be ineffective some of the time. Review of the issue of ineffectiveness is not to pass judgment on the abilities of a defense lawyer. Rather, the overall concern is limited to whether our adversary system of criminal justice has functioned properly. The narrow issue is not whether defense counsel was effective in the assistance rendered but rather whether defendant received the effective assistance required to assure him a fair trial and the integrity of our adversary system of justice.

We recognize that the standard as articulated is general in nature and no doubt should and will be amplified on a case-by-case basis.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.