**STATE of Minnesota, Respondent,**

v.

**Ludger Vance CLEMENT, Appellant.**

**No. 47949.**

Supreme Court of Minnesota.

March 30, 1979.

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Norman B. Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul, Douglas W. Cann, County Atty., and Alfred Zdrazil, Asst. County Atty., Bemedji, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of illegal possession of a disabling chemical (tear gas), Minn.St. 624.73, subds. 1 and 2, and was sentenced by the trial court to a maximum term of 1 year in jail, execution of which was stayed for a year, and a fine of $750. On this appeal from judgment of conviction defendant contends that it was a violation of § 609.035 and/or the double jeopardy clause of the Federal Constitution to prosecute him for this offense because the state already had prosecuted him (unsuccessfully) on a charge of driving while under the influence of alcohol, a charge which defendant contends arose from the same behavioral incident as the charge of illegally possessing a disabling chemical. We affirm.

Defendant arguably waived the statutory claim by failing to raise it in the trial court in a timely manner. *State v. White,* 300 Minn. 99, 219 N.W.2d 89 (1974). It is less clear whether defendant may also be said to have waived the double jeopardy claim by failing to raise it in the trial court. See, *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

In any event, defendant's contentions are meritless. The two offenses are clearly different offenses under the so-called *Blockburger* test for determining the identity of offenses under the double jeopardy clause—see, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)—and this was not a case in which any of the material elements of the crime already had

been litigated in defendant's favor in the earlier of the two prosecutions—see, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Defendant's contention that the offenses arose from the same behavioral incident and that therefore § 609.035 barred successive prosecutions is meritless because the motivations underlying the nonintentional traffic offense were different from and unrelated to the motivations underlying the intentional possessory offense. See, *State v. Sailor,* 257 N.W.2d 349 (Minn.1977).

Affirmed.

OTIS, Justice (concurring specially).

I concur in the result but do not approve of serial prosecutions for what is essentially one behavioral incident. The better practice and one which should be followed is to join all these offenses in a single trial. To do otherwise approaches harassment.

WAHL, Justice (concurring specially).

I agree with the special concurrence of Mr. Justice Otis.