STATE of Minnesota, Respondent,

v.

Andre Billy BRYANT, Appellant.

No. 48692.

Supreme Court of Minnesota.

July 6, 1979.

C. Paul Jones, Public Defender, and Gregory A. Gaut, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

## OPINION

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of second-degree murder, Minn.St. 609.19, and was sentenced by the trial court to a prison term of 1 to 40 years, Minn.St. 609.11, 609.19. On this appeal from judgment of conviction defendant contends that (1) he was denied a fair trial when, before the trial actually started, the court examined and dismissed two jurors outside of defendant's presence, (2) the court erred in failing to sua sponte instruct the jury on certain lesser offenses, and (3) the evidence on the issue of intent was legally insufficient. We affirm.

1. Defendant's first contention is that he was denied a fair trial by the trial court's questioning of jurors out of his presence.

Rule 26.03, subd. 1(1), Rules of Criminal Procedure, provides:

"(1) *Presence Required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules."

We do not need to decide whether this rule was violated in this case because it is clear beyond a reasonable doubt that defendant was not prejudiced by the court's action. See, *State v. Grey,* 256 N.W.2d 74 (Minn.1977). Specifically, although two jurors were questioned in defendant's absence, the defendant's counsel was present, the jurors were dismissed, and there is no claim that any of the twelve jurors who heard defendant's case were in any way affected by what happened.

2. Defendant's next contention is that the trial court erred in failing to sua sponte submit two lesser offenses, third-degree murder and first-degree manslaughter, in addition to the offense of second-degree manslaughter, which was submitted. The state does not argue that submission of the other two lesser offenses would have been unjustified and recognizes that the court, on its own, could have submitted the two, even over defendant's wishes—see, *State v. Leinweber,* 303 Minn. 414, 228 N.W.2d 120 (1975). However, the state also points to the fact that no record was made of the discussion relating to the submission of lesser offenses, argues that we must assume that defendant failed to request submission or object to the court's failure to do so, and contends that therefore the issue was waived. We agree. See, *State v. Leinwe-*

*ber, supra; State v. Jordan,* 272 Minn. 84, 136 N.W.2d 601 (1965).

3. Defendant's third and final contention is that the evidence on the issue of intent to kill was legally insufficient. There is no merit to this. The evidence indicates that defendant fired three shots, the last two at close range and with the gun pointed at the victim. The jury clearly was justified in finding intent to kill.

Affirmed.