STATE of Minnesota, Respondent,

v.

August Gregory MENDOZA, Jr., Appellant.

No. 50876.

Supreme Court of Minnesota.

Sept. 5, 1980.

---

C. Paul Jones, Public Defender, Robert Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Norman Coleman, Jr., Sp. Asst. Atty. Gen., St. Paul, Michael Kirk, County Atty., Fergus Falls, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of attempted simple robbery, Minn.Stat. §§ 609.17 and 609.24 (1978), and was sentenced by the trial court to a maximum prison term of 5 years. On this appeal from judgment of conviction, defendant contends (1) that his conviction and sentence should be reversed as being in

violation of § 609.035 or (2) that at least he should receive a new trial because the trial court erroneously (a) permitted use of a manslaughter conviction to impeach defendant's credibility, (b) admitted evidence of an assault defendant committed on the deputy who questioned him at the scene of the crime, and (c) failed to sua sponte submit lesser offenses. We affirm.

The evidence adduced at trial established that defendant forced his way into an automobile occupied by a driver and a passenger and unsuccessfully tried to take the vehicle from them. When a deputy arrived on the scene and tried to question defendant, defendant tried to flee and he assaulted the officer.

 We agree with defendant that the two offenses, the attempted robbery and subsequent assault, arose from the same behavioral incident. *State v. White,* 292 N.W.2d 16 (Minn.1980), and that therefore the prosecutor should have joined the two prosecutions in a single prosecution in district court rather than prosecuting the misdemeanor assault in county court and the felony offense in district court. *State v. Reiland,* 274 Minn. 121, 142 N.W.2d 635 (1966). Defendant pleaded guilty to the assault charged, served a 90–day jail term, and then was tried in district court on the felony charge. By failing to raise in the district court the issue of whether the serial prosecution was in violation of § 609.035, defendant is deemed to have forfeited that issue. *White v. State,* 309 Minn. 476, 248 N.W.2d 281 (1976); *State v. White,* 300 Minn. 99, 219 N.W.2d 89 (1974). However, the issue of multiple sentencing under § 609.035 was not forfeited by defendant's failure to raise the issue in the trial court. 300 Minn. at 105–06, 219 N.W.2d at 93. Addressing this issue, we hold that the multiple–victim exception to the bar in § 609.-035 against multiple sentencing of a defendant for multiple offenses arising from the same behavioral incident applies. *State v. Rieck,* 286 N.W.2d 724 (Minn.1979).

 Defendant's contention that he did not receive a fair trial is meritless. The trial court did not clearly abuse its discretion in permitting impeachment by prior offenses, and therefore we sustain the trial court's ruling on the issue. *State v. Leecy,* 294 N.W.2d 280 (Minn.1980); *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979); *State v. Jones,* 271 N.W.2d 534 (Minn.1978). The evidence that defendant tried to flee and that he assaulted the officer who questioned him at the scene was relevant other–crime evidence. Defendant, by not requesting a cautionary instruction concerning the use of this other–crime evidence, forfeited the issue. *State v. Forsman,* 260 N.W.2d 160 (Minn.1977). The issue of the trial court's failure to submit lesser offenses was forfeited by defendant's failure to request submission or object to nonsubmission of lesser offenses. *State v. Bryant,* 281 N.W.2d 712 (Minn.1979).

Affirmed.

OTIS, Justice (dissenting).

This is another in a series of cases where prosecutors are encouraged to buttress the evidence of defendant's guilt by resurrecting a ten–year–old conviction to persuade the jury that the accused probably committed the crime with which he is presently charged. To hold that the probative value of introducing a manslaughter conviction for which the defendant has long since been tried, sentenced, and served his time, outweighs the prejudicial effect on the jury is to blind ourselves to reality. It is contrary to all our experience as lawyers and judges. The effect is to establish two disparate levels of justice, one of which in my opinion effectively deprives a defendant of the presumption of innocence and equal protection of the laws.

I submit that after ten years a defendant charged with a subsequent offense should be confronted only with evidence which bears on that matter without his suffering the inevitable consequences of what is tantamount to double jeopardy—twice penalized for the same offense.

I would remand for a new trial excluding the prior conviction.

ROGOSHESKE, Justice (dissenting).

I not only share the views expressed by Justice Otis, but I disagree with the formu-

lation of the forfeiture rule contained in *State v. White*, 300 Minn. 99, 219 N.W.2d 89 (1974), and followed by the majority in this case. In my view, the forfeiture rule should apply only when two circumstances are present—first, when the prosecutor has properly charged the defendant with the multiple offenses in district court, *see State v. Reiland*, 274 Minn. 121, 142 N.W.2d 635 (1966); and, second, when the splitting of the prosecutions has been caused by either defendant's use of a guilty plea or defendant's request for severance.

WAHL, Justice (dissenting).

I join the dissent of Mr. Justice Otis with regard to the use of the prior conviction, and the dissent of Mr. Justice Rogosheske with regard to the application of the forfeiture rule in the present case.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.