**STATE of Minnesota, Respondent,**

v.

**Donald MARBURGER, Appellant.**

**No. 49138.**

Supreme Court of Minnesota.

Nov. 28, 1980.

**504**

Meshbesher, Singer & Spence, Ronald I. Meshbesher, and Carol Grant, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary Hansen and Kenneth W. Saffold, Sp. Asst. Attys. Gen., St. Paul, Sonya Steven, County Atty., Grand Rapids, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of a charge of theft of electricity valued at more than $100, Minn.Stat. § 609.52, subds. 2(4), 3(2) and 3(5) (1976) (theft of any tangible property, which includes electricity, by swindling, whether by artifice, trick, device, or other means). After denying a motion for a new trial, the trial court stayed imposition of sentence, placed defendant on probation for 5 years, directed that defendant serve 90 days of probation in jail, and ordered defendant to pay court costs of $500 and make restitution in an amount to be determined. The court stayed imposition of the jail term pending the outcome of defendant's appeal. Defendant initially appealed directly to this court but on motion of defendant the case was remanded for a postconviction hearing. The district court denied that petition. This combined appeal from judgment of conviction and from the order denying postconviction relief followed.

The issues raised by defendant on this appeal relate to (1) the adequacy of representation by his trial counsel, (2) the propriety of the trial court's admitting evidence of prior misconduct by defendant, and (3) the legal sufficiency of the evidence of defendant's guilt. We hold: (1) The postconviction court properly ruled that petitioner failed to meet his burden of proving ineffective assistance. *Ani v. State*, 288 N.W.2d 719, 720 (Minn.1980); *White v. State*, 309 Minn. 476, 479, 248 N.W.2d 281, 284 (1976). (2) The trial court did not abuse its discretion in admitting evidence of a prior act of misconduct (detaching his residential electric meter without permission) by defendant which was relevant to the charge against defendant. (3) The evidence of defendant's guilt was sufficient to support the verdict.

Affirmed.