STATE of Minnesota, Respondent,

v.

William Nathaniel UPTON, Appellant.

No. 51370.

Supreme Court of Minnesota.

June 5, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of assault with a dangerous weapon, Minn.Stat. § 609.225, subd. 2 (1978), and was sentenced by the trial court to a maximum 5-year prison term. On this appeal from judgment of conviction, defendant contends that (1) his conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient, or (2) he should be given a new trial on the ground that the trial court committed prejudicial error in denying a defense motion to prohibit the prosecutor from using a 1971 conviction for third-degree murder to impeach defendant's credibility as a witness. We affirm.

This prosecution arose from a barroom fight in Duluth between two Coast Guard petty officers, who had never been in the bar before, and two regular patrons of the bar, one being defendant. The state's evidence—which included the testimony of the two petty officers and five patrons or employees of the bar—was (a) that defendant was the first to use force when he grabbed a pool cue by the thin end and, swinging it like a baseball bat, hit one of the officers in the head, causing a severe cut, and (b) that there was no reasonable justification for this act. This evidence was

more than adequate to support the conviction.

 The trial court did not clearly abuse its discretion in permitting the use of defendant's 1971 conviction for third-degree murder to impeach defendant's credibility as a witness. *See State v. Mendoza*, 297 N.W.2d 286 (Minn.1980); *State v. Leecy*, 294 N.W.2d 280 (Minn.1980); *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979). Beyond this, it is extremely doubtful that the jury would have acquitted even if it had believed defendant's testimony because that testimony suggests to us that defendant acted unreasonably and without justification in striking the victim with a dangerous weapon.

Affirmed.