STATE of Minnesota, CITY OF WOOD LAKE, Respondent,

v.

Lawrence T. JOHNSON, Jr., Appellant,

No. C1–84–405.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Hubert H. Humphrey, III, Atty. Gen., Thomas G. Kramer, Wood Lake City Atty., Granite Falls, for respondent.

Allan Swen Anderson, Granite Falls, for appellant.

Heard, considered and decided by LANSING, P.J. and CRIPPEN and HUSPENI, JJ.

## OPINION

LANSING, Judge.

Lawrence Johnson was convicted of two counts of exhibition driving under a Wood Lake city ordinance and one count of careless driving under Minn.Stat. § 169.13, subd. 2 (Supp.1983). On appeal he contends that the evidence was insufficient to support the convictions, the trial court abused its discretion in sentencing him, and he is entitled to a new trial because the transcript is incomplete. We affirm in part, reverse in part, and remand.

## FACTS

The incidents leading to Johnson's convictions took place on a gravel road in front of the Hagen family home in Wood Lake.

On August 17 at about 6 p.m. Johnson and a friend were in Johnson's car talking to the Hagens' neighbors. Shelly Hagen, who was nine years old, was riding her bike in the road. When she saw Johnson's car pulling out, she moved to the right side of the road directly across from her driveway. Her father, Larry Hagen, was standing in the driveway unloading his car.

Johnson drove down the street at about 10 to 15 miles per hour. As he approached Shelly, he swerved the car approximately two feet toward her so that he came about one foot from her handlebars before steering back to the center of the road. She heard someone say "Hey kid, get off the road."

When the car reached the intersection it came to a full stop, then turned right onto a county highway. The driver accelerated rapidly so that gravel sprayed and hit the spokes of Shelly's bike, the car fishtailed, tires squealed, and rubber marks were left on the highway. Both Shelly and her father knew Johnson personally, recognized him as the driver, and had a clear view of the entire incident. Based on these facts Johnson was convicted of careless driving and one count of exhibition driving.

On August 19 at about 4 p.m. Shelly and her mother, Lanae Hagen, saw Johnson's car drive past their house. Both recognized Johnson as the driver. Once again Johnson accelerated sharply as he turned right onto the county road, spraying gravel and squealing the tires. Based on these facts he was convicted of the second count of exhibition driving.

After a court trial Johnson was sentenced to 90 days in jail and a $700 fine, both of which were suspended for a year on the condition that he spend 30 days in jail (20 days for careless driving, five days for each exhibition driving conviction) and not drive irresponsibly again.

## ISSUES

1. Is the evidence sufficient to sustain the convictions for careless driving and exhibition driving?

2. Did the trial court abuse its discretion in sentencing Johnson?

3. Is Johnson entitled to a new trial because certain rebuttal testimony was inadvertently omitted from the record?

## ANALYSIS

### I

Johnson contends the evidence is insufficient to support his convictions. In reviewing a claim of insufficiency of evidence the court is limited to determining whether a trier of fact could reasonably conclude the defendant was guilty of the offense charged. The court must take the view of the evidence most favorable to the state and must assume the state's witnesses were believed and any contradictory evidence was disbelieved. *State v. Nash,* 342 N.W.2d 177, 179 (Minn.Ct.App.1984) (citing, *inter alia, State v. Merrill,* 274 N.W.2d 99 (Minn.1978)).

### Events of August 17

Careless driving is defined as operation of a vehicle upon a street or highway that is (1) careless or heedless in disregard of the rights of others, or (2) in a manner that endangers or is likely to endanger any property or person. Minn.Stat. § 169.13, subd. 2 (Supp.1983). The record shows that the gravel road in front of the Hagen home is a public street. Johnson testified that he did not intend to swerve at Shelly Hagen, but that he was trying to turn his radio up and may have accidentally swerved toward her. Even if the court believed his testimony, the conviction could be sustained because intent is not an element of careless driving. The trial court could reasonably conclude that his operation of the vehicle was careless or likely to endanger Shelly Hagen.

The Wood Lake exhibition driving ordinance provides as follows:

> No person shall operate any vehicle in such a manner as to create or cause unnecessary engine noise, tire squealing, skid or slide upon acceleration or stopping or in such a manner as to simulate a race or temporary race or to cause such vehicle to unnecessarily sway or turn abruptly or to impede traffic.

Wood Lake, Minnesota, Ordinance No. 71, § 1 (August 2, 1976).[1] Violation of this ordinance constitutes a misdemeanor that is punishable by a fine of $300 or 90 days imprisonment. *Id.* § 2. Johnson admitted at trial that on August 17 he "took off a little fast" from the stop sign, caused the

1. The validity of the ordinance is not raised on appeal.

tires to squeal and gravel to fly, left rubber marks on the county road, and drove faster than the speed limit down the county highway. The evidence is therefore sufficient to sustain this conviction also.

### Events of August 19

Johnson testified that he was nowhere near the Hagen residence on August 19 but was at a county fair with a friend. His friend did not corroborate this alibi. There was other inconclusive testimony about the location of Johnson's car at various times of the day.

The trial court's memorandum regarding this testimony says:

> The testimony of the defendant as to the alleged occurrence on August 19, 1983, was vague as to time. The defendant did admit to driving the automobile that day in Wood Lake. * * *

The testimony of Rachelle Hagen and her mother as to the events of August 19, 1983, is clear as to time and their direct observations.

When the testimony conflicts, it is for the trial court to determine which version to adopt. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980); *State v. Ronnenberg*, 214 Minn. 272, 273, 7 N.W.2d 769, 770 (1943). The record supports Johnson's conviction on this count.

### II

■ Johnson contends the trial court abused its discretion in sentencing him to 90 days in jail and imposing a $700 fine. That sentence is within the maximum limits for careless driving. *See* Minn.Stat. §§ 609.03, .033 (1982 & Supp.1983). However, the court stayed the sentence on the condition that Johnson serve 20 days for careless driving and five days for each of the exhibition driving convictions.

Minn.Stat. § 609.035 (Supp.1983) provides:

> [I]f a person's conduct constitutes more than one offense under the laws of this state, he may be punished for only one of the offenses * * *.

An "offense" for purposes of this statute includes all municipal ordinance violations that might result in incarceration. *State v. Krech*, 312 Minn. 461, 464 n. 2, 252 N.W.2d 269, 272 n. 2 (1977) (citing *State v. White*, 300 Minn. 99, 219 N.W.2d 89 (1974)).

In *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966), the court set out the following test to determine whether each traffic violation charged results from a single behavioral incident:

> [V]iolations of two or more traffic statutes result from a single behavioral incident where they occur at substantially the same time and place and arise out of a continuous and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment. Under these circumstances, there exists a substantial relationship between the conduct constituting the violations and the statute prohibits both double punishment and serialized prosecutions.

*Id.* at 405, 141 N.W.2d at 525.

■ It is clear to us that both convictions based on the August 17 incident arose out of a continuous course of conduct and manifested "coincident errors of judgment." Since the statutory prohibition against double sentencing cannot be waived, the trial court erred in imposing two sentences for Johnson's conduct on that date. *See, e.g., State v. Gilbertson*, 323 N.W.2d 810, 812 (Minn.1982); *State v. White*, 300 Minn. 99, 106, 219 N.W.2d 89, 93 (1974). We therefore remand for vacation of the five-day sentence for exhibition driving.

### III

■ Johnson also contends he is entitled to a new trial because certain rebuttal testimony regarding the August 19 incident was not picked up on the tape and is unavailable on review. Johnson maintains this testimony was crucial in discrediting the police officer who investigated the incident.

The remedy for this defect in the record is contained in Minn.R.Crim.P. 28.02, subd. 8. Under this rule Johnson could have submitted a statement of the omitted proceedings to the trial court for approval. He is responsible for providing a complete record; the error was not the trial court's.

Furthermore, it appears from the trial court's memorandum that the second exhibition driving conviction is based almost completely on Lanae and Shelly Hagen's identification of Johnson as the driver, rather than the officer's minimal testimony. We are persuaded that Johnson has not been prejudiced in any way by the incomplete record.

### DECISION

The evidence is sufficient to sustain all three of Johnson's misdemeanor convictions. He is not entitled to a new trial, but he is entitled to have the August 17 exhibition driving sentence vacated because it was part of the same behavioral incident as the careless driving.

Affirmed in part, reversed in part, remanded.