STATE of Minnesota, Respondent,

v.

Orestes PITA–IGLESIA, Appellant.

No. C2–86–224.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Review Denied Nov. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and LESLIE and FORSBERG, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Orestes Pita-Iglesia was convicted of assault in the second degree pursuant to Minn.Stat. § 609.222 (1984). On appeal he claims the evidence was insufficient to establish that he had not acted in self-defense and the court erred in refusing to allow defense counsel to introduce extrinsic evidence concerning a witness' subsequent conviction. Additionally, appellant argues that it was error for the court to admit testimony concerning two prior inconsistent statements he made. We affirm.

## FACTS

Sometime in early July 1984, appellant, a 34 year old Cuban refugee, was attacked by two men armed with pistols while he was watching television in his apartment. The attackers were Drake Allen and James Cohen. Appellant did not report the attack to police.

In the early morning hours of July 13, 1984, Steven Kopas was helping Drake Allen move furniture. Appellant suddenly appeared, knife in hand, and began slashing at them. Kopas ran away, but appellant chased and stabbed him. Kopas reached a 7-11 Store and requested assistance. He then decided to walk to the hospital, but as he left the store appellant attacked again, stabbing him in the neck, arm, stomach, back and buttocks. Kopas testified that he had no weapon, did not attack appellant and had in fact never even seen appellant before. Several people at the 7-11 observed appellant chasing Kopas.

At trial appellant claimed self-defense. According to appellant he was attacked by Allen, Kopas and two other men. He claimed he was knifed and was beaten up. He further denied chasing Kopas through the 7-11 parking lot.

Appellant was charged with attempted murder in the first and second degrees and with assault in the second degree. Following his conviction for assault, he was sentenced to 21 months. Execution of sentence was stayed for three years. Appellant was ordered to serve one year in jail.[1]

## ISSUES

1. Was the evidence sufficient to establish that appellant did not act in self-defense?

2. Did the trial court err in refusing to admit extrinsic evidence concerning a subsequent robbery committed by Drake Allen?

3. Did the court err in admitting testimony concerning two prior inconsistent statements made by appellant?

## ANALYSIS

1. It is well settled that the credibility of witnesses lies within the province of the jury. *State v. Jones,* 347 N.W.2d 796, 801 (Minn.1984). In reviewing the evidence we must view the evidence in a manner most favorable to the State and assume that the jury believed the State's witnesses and disbelieved any contradictory evidence. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978).

1. Appellant was not sentenced pursuant to the mandatory minimum sentence requirements of Minn.Stat. § 609.11 (1984). The State did not appeal the sentence.

Appellant urges this court to reject the testimony of Steven Kopas and Drake Allen because of some inconsistencies between earlier statements they gave and their testimony at trial. The jury was in the best position to evaluate their testimony, however, and they apparently found it more believable than appellant's own version of the events. The evidence, when viewed favorably to the state, is consistent with such a finding. Consequently, the evidence was sufficient to support the finding that appellant was guilty of assault in the second degree and was not acting in self-defense pursuant to Minn.Stat. § 609.-06 (1984).

## II.

2. Prior to the testimony of Drake Allen defense counsel moved to be allowed to question Allen on cross-examination about a subsequent robbery Allen committed in February 1985 and sought to call the victim in that case. The trial court ruled that Allen could be questioned about this offense. The court stated, however, that whether counsel would be allowed to introduce extrinsic evidence would depend on Allen's responses. In the cross-examination of Allen much detail was elicited concerning the robbery. Defense counsel did not renew her motion to call the victim as a witness.

Appellant now claims on appeal that the trial court erroneously refused to allow defense counsel to call the victim of the February 1985 offense. This is incorrect. The trial court clearly deferred ruling on the question. Counsel failed to object or renew her motion. Error cannot be predicated when there has been no timely offer of proof. Minn.R.Evid. 103(a)(2). Since this issue was never properly raised at the trial court level, appellant is not allowed to raise it for the first time on appeal. *State v. Packard,* 366 N.W.2d 721 725–26 (Minn. Ct.App.1985).

## III.

Appellant asserts that the trial court erred in admitting his prior inconsist-

ent statements. Appellant concedes that when the statements were made he was not in custody, but argues that he should have been advised of his fifth amendment privilege against self-incrimination. This contention is without merit. *See Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977).

### DECISION

Appellant's conviction for assault in the second degree is affirmed.

Affirmed.