STATE of Minnesota, Respondent,

v.

Charles Ralph UTSCH, Appellant.

No. C1–86–1297.

Court of Appeals of Minnesota.

May 19, 1987.
Review Denied June 30, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., Mary Yunker, Asst. Co. Atty., St. Cloud, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

A jury convicted appellant Charles Utsch of fleeing from a police officer, Minn.Stat. § 609.487, subd. 3 (1986), and driving after revocation, Minn.Stat. § 171.24 (1986). On appeal Utsch challenges the admission of *Spreigl* evidence and claims the prosecutor committed misconduct. We affirm.

## FACTS

At about 1:00 a.m. on June 19, 1985, Stearns County Deputy Sheriff David Peschong was on patrol outside Richmond, Minnesota. After Peschong witnessed a red pickup truck commit several traffic violations, he attempted to stop the vehicle by activating his emergency lights. The truck responded by accelerating. The deputy then turned on his siren and directed his spotlights into the truck's rear window. The truck continued until it turned into the driveway leading to the home of appellant, Charles Utsch.

The truck had a single occupant, an adult male. He got out of the truck and ran into the garage leaving the truck's lights on and the driver's door open. Deputy Peschong aimed his spotlight onto the man's face and recognized him from a previous encounter as Charles Utsch.

Deputy Peschong attempted to contact the persons inside the house, with assistance from another officer who answered the deputy's call for backup help. Eventually, appellant came to the door, holding a baby in his arms. He told the officers they had awakened him, that he would not step outside to speak to them, and that he had not been driving the truck that evening. Appellant was subsequently charged with fleeing a peace officer and driving after revocation.

Prior to trial the State gave notice that it intended to introduce *Spreigl* evidence to strengthen its proof on identity. The evidence showed appellant was convicted of obstructing legal process and D.W.I. following an incident that occurred in June 1984, when he had been driving on the same highway and was afterwards questioned by Deputy Peschong at his residence. He had walked away from Deputy Peschong, disappeared into a building, and refused to come out of the house.

The trial court ruled the *Spreigl* evidence was admissible only if appellant maintained an alibi defense. Thus, the *Spreigl* evidence was admitted following appellant's testimony that he had been in his home with his four minor children since about 10:30 on the night in question.

## ISSUE

Did the trial court abuse its discretion in admitting the *Spreigl* evidence?

## ANALYSIS

Introduction of evidence of other crimes or bad acts committed by a defendant to show that the defendant "acted in conformity therewith" is prohibited by evidentiary rules. Minn.R.Evid. 404(b). Such evidence, however, may be admissible if it falls within certain categories of proof, including proof to establish the identity of the accused or his motive or criminal plan. *Id.* The admissibility of this evidence is premised on the fact that it sometimes has "especially good probative value." *State v. Wakefield*, 278 N.W.2d 307, 308 (Minn. 1979). The trial court must decide that the probative value of the evidence outweighs its potential for unfair prejudice. *State v. Doughman*, 384 N.W.2d 450, 454 (Minn. 1986). The trial court's decision to admit

the *Spreigl* evidence will not be reversed absent an abuse of discretion. *State v. Ture*, 353 N.W.2d 502, 515 (Minn.1984).

■ Appellant disputes the trial court's conclusion that the evidence constituted a proper *Spreigl* topic under Rule 404(b). He contends the State failed to show any connection between the circumstances of the 1984 act and the present charge, such that the only result of admitting the *Spreigl* evidence was to improperly offer proof that the present charge conformed to his bad character. Minn.R.Evid. 404(b). There are, however, similarities between the scheme of running to avoid arrest that was employed both in 1984 and at the time of the current offense. The *Spreigl* evidence was relevant and material, and it showed the relationship of the criminal plan used in the two crimes. *See State v. Morrison*, 310 N.W.2d 135, 137 (Minn.1981) (to be probative the court must find the evidence both relevant and material); *State v. Stagg*, 342 N.W.2d 124, 127 (Minn.1984) (court must find some relationship in time, location, or modus operandi between the crime charged and the prior crime).

■ Appellant also disputes the State's asserted purpose in seeking admission of his prior conviction, that of proving his identity in the present offense. The trial court admitted the evidence only after appellant testified and provided an alibi defense.[1] In so doing, the trial court properly considered the State's asserted purpose and the rationale for the general rule excluding evidence of prior crimes. The court acknowledged that evidence that appellant "ran away in 1984" might improperly tend to show that he ran away again in 1985. Here, by delaying admission of the evidence until after appellant asserted his unequivocal alibi defense that he was at home with his children, the court reduced the potential for improper consideration of the evidence and focused the jury's attention on the question of whether the person who evaded Deputy Peschong in 1985 was the same person he encountered in 1984.

■ Appellant further claims that by conditioning the admissibility of the *Spreigl* evidence on appellant's assertion of an alibi defense, the court intimidated him and deprived him of a fair trial. Again, it is clear the trial court was swayed on the admissibility issue by the representation that there would be alibi testimony, and this is an acceptable exercise of discretion. The alibi tended to enlarge the question of identity, thus weakening the State's case and making the *Spreigl* evidence more necessary. We find merit in appellant's contention that the alibi testimony did not strengthen his case to such a degree that the *Spreigl* evidence was necessary. *See Stagg*, 342 N.W.2d at 127 (the evidence on the issue in question must be weak or inadequate). However, recognizing the fact that the usual effect of an alibi is to weaken the State's case, we find no abuse of discretion in the trial court's consideration of that potential effect here.

In addition, any prejudice that resulted from the trial court's admission of the *Spreigl* evidence was minimized by the overall strength of the case against appellant that had developed by the end of the trial. Even without Deputy Peschong's identification of appellant, his alibi defense was wholly implausible. His bare claim that he was home all evening is devoid of rationality, given the timing of the truck's

---

1. Appellant contends that because the trial court excluded the evidence from the prosecution's case-in-chief, its subsequent admission of the evidence was for its impeachment value and not as *Spreigl* evidence. *See* Minn.R.Evid. 609(a)(1). The evidence is undeniably inadmissible under Rule 609(a)(1), which provides for impeachment only by felony convictions. Although *Spreigl* evidence may more typically be admitted as part of the prosecution's case-in-chief, trial courts are not required to follow this procedure and nothing here shows the trial court made anything but a *Spreigl* ruling when it permitted the evidence to be admitted after appellant's defense testimony. The trial court never mentioned an impeachment issue, all discovery concerned *Spreigl* issues, and the court gave the jury the curative instructions that are required whenever *Spreigl* evidence is admitted. As mentioned in the opinion, the trial court may have expressed initial reservations about the prejudicial effect of the *Spreigl* evidence, but it resolved those doubts by reserving admission of the evidence until appellant had asserted his alibi defense.

arrival at his home and the strange departure and disappearance of the truck's driver, who left the door open and the lights on. The defense witnesses who testified that several persons could have had access to the truck that night did not greatly strengthen appellant's alibi defense. His guilt was conclusively proven even without the *Spreigl* evidence. *See State v. Fratzke,* 354 N.W.2d 402, 409 (Minn.1984) (standard for establishing harmless error).

Appellant raises a separate argument, claiming the prosecution committed misconduct because it altered and withheld information from appellant regarding the *Spreigl* evidence and the qualifications of a prosecution witness. Appellant has not preserved this issue for appeal. Appellant did not object or otherwise make known his concern at trial. He failed to make an offer of proof to identify the alleged altered reports or to demonstrate prejudice. *See State v. Pita-Iglesia,* 393 N.W.2d 524, 526 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Nov. 17, 1986). Appellant claims to have raised these issues in post-trial motions, but failed to provide this court with a transcript of the post-trial hearing or an agreed statement of the record. *See State v. Vang,* 357 N.W.2d 128 (Minn.Ct.App.1984). Appellant is responsible for providing a complete record to this court. *State v. Johnson,* 358 N.W.2d 127, 130 (Minn.Ct.App.1984).

### DECISION

The trial court did not err in admitting appellant's prior conviction as *Spreigl* evidence.

Affirmed.